PER CURIAM.
 

 We have for consideration proposed amendments to Florida Rule of Criminal Procedure 3.992(a), Criminal Punishment Code Scoresheet. We have jurisdiction.
 
 See
 
 art. V, § 2(a), Fla. Const.
 

 The Supreme Court Criminal Court Steering Committee (Steering Committee) proposes amendments to rule 3.992(a) in light of recent legislation
 
 [1]
 
 and upon recommendations to the Florida Department of Corrections. After considering the Committee’s proposals and reviewing the relevant legislation, we adopt the proposed amendments to rule 3.992(a), as reflected in the appendix to this opinion. New language is indicated by underscoring. The amendments shall become effective immediately upon release of this opinion. Because the amendments were not published for comment prior to their adoption, interested persons shall have sixty days from the date of this opinion in which to file comments with the Court.
 
 [2]
 

 It is so ordered.
 

 QUINCE, C.J., and PARIENTE, LEWIS, CANADY, POLSTON, LABARGA, and PERRY, JJ., concur.
 

 
 *275
 
 [[Image here]]
 

 
 *276
 
 [[Image here]]
 

 
 *277
 
 [[Image here]]
 

 [1]
 

 . In chapter 2009-63, section 1, Laws of Florida, the Legislature amended section 775.082, Florida Statutes, to include a new subsection (10), which affects the sentence computation as follows:
 

 If a defendant is sentenced for an offense committed on or after July 1, 2009, which is a third-degree felony but not a forcible felony as defined in s. 776.08, and excluding any third-degree felony violation under chapter 810, and if the total sentence points pursuant to s. 921.0024 are 22 points or fewer, the court must sentence the offender to a nonstate prison sanction. However, if the court makes written findings that a non-state prison sanction could present a danger to the public, the court may sentence the offender to a state correctional facility pursuant to this section.
 

 Ch. 2009-63, § 1, Laws of Fla. The Legislature also created a new prison diversion program under section 921.00241, Florida Statutes, which may affect the sentence imposed.
 
 See
 
 ch. 2009-63, § 2, Laws of Fla. The Steering Committee’s proposed amendments to the scoresheet are consistent with those legislative revisions.
 

 [2]
 

 . An original and nine paper copies of all comments must be filed with the Court on or before September 14, 2009, with a certificate of service verifying that a copy has been served on the Committee Chair, Honorable O.H. Eaton, Jr., Circuit Judge, C/O Les Gar-ringer, Office of the General Counsel, 500 S. Duval Street, Tallahassee, Florida 32399-1925, as well as a separate request for oral argument if the person filing the comment wishes to participate in oral argument, which may be scheduled in this case. The Committee Chair has until October 5, 2009, to file a response to any comments filed with the Court. Electronic copies of all comments and responses also must be filed in accordance with the Court’s administrative order in
 
 In re Mandatory Submission of Electronic Copies of Documents,
 
 Fla. Admin. Order No. AOSC04-84 (Sept. 13, 2004).